IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ELAINE L. CHAO, Secretary of　　　　　　　　　　CV 03-625-BR
Labor, United States Department
of Labor,
　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　Plaintiff,

v.

TELECOMMUNICATIONS SUPPORT
SYSTEMS, INC., a corporation;
KEITH McCOLLUM; and TODD MARSHALL,

　　　　Defendants.


**ROCHELLE KLEINBERG**
Associate Regional Solicitor
**BRUCE L. BROWN**
United States Department of Labor
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, WA 98101
(206) 553-0940

　　　　Attorneys for Plaintiff

**TODD MARSHALL**
138 Toliver Court
Molalla, OR  97038

　　　　Defendant, *Pro Se*

 1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (#46).

Plaintiff brought this action against Defendants for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. The Court previously entered default judgments against Defendants Telecommunications Support Systems, Inc. (TSSI), and Keith McCollum. Plaintiff now moves for summary judgment and seeks and injunction against Todd Marshall, the sole remaining Defendant. Marshall did not respond to Plaintiff's Motion.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion and **DENIES** Plaintiff's request for injunctive relief.

## FACTS

Marshall did not respond to Plaintiff's Motion for Summary Judgment. The Court, therefore, deems admitted the facts set forth in Plaintiff's Concise Statement of Material Facts. *See* LR 56.1(f).

Marshall and McCollum founded TSSI in September 1995 as partners. As President of TSSI, Marshall was responsible for field operations, public relations, and securing new business. Marshall also had authority to hire and to fire employees.

2 - OPINION AND ORDER

During the first year of operation of TSSI, Marshall trained new employees, developed and enforced company policies, and fired employees who violated company policies. Marshall had authority to sign checks, including payroll checks. Marshall also reviewed company policies regarding employee compensation and established company policies regarding vacation and other employee benefits.

Marshall was President and co-owner of TSSI until January 6, 2003, when he sold his share of the business to McCollum. Before the sale to McCollum, Marshall was aware of the hours worked by TSSI employees, and he knew employees were not paid for hours worked in excess of 40 per work week.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

**DISCUSSION**

**I.    Summary Judgment**

In light of Marshall's failure to respond to Plaintiff's Motion for Summary Judgment and Request for Admissions, Marshall has admitted all of the facts material to his liability as an employer under the FLSA. An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Marshall, as President and co-owner of TSSI, was an employer until the sale of his share in the company on January 6, 2003. During Marshall's tenure with TSSI, employees were not paid for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1). Marshall, therefore, is liable for violation of the FLSA, and Plaintiff is entitled to summary judgment as to this issue.

Plaintiff also asks the Court to grant summary judgment "on Plaintiff's request for back wages in the amount of $53,790.23." Plaintiff, however, has not included in her Concise Statement of Material Facts any facts to support such a judgment. Instead Plaintiff asserts the Court "previously found that Defendants' former employees were due back wages in the amount of $53,790.23." Although Plaintiff cites to the Default Judgment entered against Defendants McCollum and TSSI in the amount of $107,580.46, a default judgment against other Defendants does not establish the proper amount of a judgment against Marshall.

Based on this record, therefore, the Court declines to enter a monetary judgment in Plaintiff's favor.

The Court, however, grants Plaintiff leave to file a new motion on the issue of the appropriate amount of a monetary judgment against Marshall. Plaintiff must support her motion with admissible evidence to establish the amount of a monetary judgment as required by Fed. R. Civ. P. 56 and LR 56.1.

**II. Injunctive Relief**

Plaintiff also asks the Court to enjoin Marshall permanently from violating §§ 215(a)(2) and (5) of the FLSA. The Court notes these two subsections of the statute merely provide it is unlawful to violate §§ 206, 207, or 211(c) of the FLSA. Nevertheless, Plaintiff apparently seeks an order enjoining Marshall from violating the FLSA overtime provision and from continuing to withhold payment of unpaid overtime compensation due TSSI's employees.

"In deciding whether to grant injunctive relief, a district court must weigh the finding of violations against factors that indicate a reasonable likelihood that the violations will not recur." *Brock v. Big Bear Mkt. No. 3*, 825 F.2d 1381, 1383 (9th Cir. 1987).

On March 30, 2004, Marshall appeared in Court and stated TSSI ceased operations in March 2003. Marshall subsequently filed for bankruptcy. Although the record contains undisputed

evidence that Marshall violated the FLSA's overtime provisions in the past, Plaintiff has not submitted any evidence to show Marshall continues to be an employer covered by the FLSA nor that overtime wages are currently due and owing former TSSI employees. Accordingly, the Court, in the exercise of its discretion, declines to order prospective injunctive relief based on this record.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Summary Judgment (#46) and **DENIES** Plaintiff's request for injunctive relief. The Court also **GRANTS** Plaintiff leave to file a Motion by April 29, 2005, on the issue of the appropriate amount of a monetary judgment against Marshall.

IT IS SO ORDERED.

DATED this 18th day of April, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge