IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ELAINE L. CHAO, Secretary of
Labor, United States Department
of Labor,

       Plaintiff,

v.

TELECOMMUNICATIONS SUPPORT
SYSTEMS, INC., a corporation;
KEITH McCOLLUM; and TODD MARSHALL,

       Defendants.

CV 03-625-BR

OPINION AND ORDER

**ROCHELLE KLEINBERG**
Associate Regional Solicitor
**BRUCE L. BROWN**
United States Department of Labor
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, WA 98101
(206) 553-0940

       Attorneys for Plaintiff

**TODD MARSHALL**
138 Toliver Court
Molalla, OR  97038

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment on the Issue of Damages (#51).

Plaintiff brought this action against Defendants for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. The Court previously entered default judgments against Defendants Telecommunications Support Systems, Inc. (TSSI), and Keith McCollum. The Court also granted summary judgment in favor of Plaintiff on the issue of Defendant Todd Marshall's liability. Plaintiff now moves for summary judgment on the issue of the appropriate amount of damages for which Marshall is liable. Marshall did not respond to Plaintiff's Motion.

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## FACTS

Marshall did not respond to Plaintiff's Motion for Summary Judgment. The Court, therefore, deems admitted the facts set forth in Plaintiff's Concise Statement of Material Facts. *See* LR 56.1(f).

Marshall was President and co-owner of TSSI until January 6, 2003. During Marshall's tenure with TSSI, employees were not appropriately paid for hours worked in excess of 40 hours per

week. The uncontradicted evidence shows TSSI employees are owed back wages in the amount of $52,574.66.

**STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

**DISCUSSION**

Marshall has not responded to Plaintiff's Motion nor submitted any evidence to controvert Plaintiff's assessment of the amount of back wages due TSSI employees. Accordingly, based on the record, the Court finds Plaintiff is entitled to judgment against Marshall in the amount of $52,574.66.

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion for

3 - OPINION AND ORDER

Summary Judgment on the Issue of Damages (#51). Plaintiff shall submit a form of Judgment consistent with this Opinion and Order no later than August 8, 2005.

IT IS SO ORDERED.

DATED this 25th day of July, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


Chao-TelecomCV03-625-07-25-05.wpd